The Recorder.
In giving, my action upon this proceeding, it is proper I should submit my views in writing. I am clear that it is contempt of court at common law for a witness or by-stander to communicate *285 with the grand jury without its request; but to be a contempt under the statute, the communication must savor of the degree of contemptuous behavior committed during the sitting of the court, and directly tending to impair due respect. I think that the term behavior may cover the writing and delivery to the grand jury of a contemptuous and insulting letter. It is clear from the elementary writers, and from what the court of appeals imply in the Hackley case (24 N. 7., 78), that the grand-jury-room is an enlargement of the court-room, and part of the court sitting. Handing to the petit jury a letter containing remarks upon the case pending before them has been at nisi prius adjudged a contempt; the jury, for convenience, being outside of the court-room proper, it is true, but legally and technically, nevertheless, a part of the court sitting ; and both the grand and petit jury-rooms were merely extensions of the court apartment, and are under equal jurisdiction.
The insinuation conveyed by this expression in the letter of Mr. Bergh, “as in the present instance they have escaped through means which 1 forbear to mention,” addressed to any officer of the court during its sitting, could not be made worse for contemptuous and insolent behavior tending to impair respect. At the commencement of the last October term of this court, I charged the then grand jury as follows :
“The minutes of some grand juries have in the past distinctly shown traces as well as evidences of considerations and of reconsiderations and preferences, which can only be explained upon the belief that grand juries have yielded to lobby pressure, either in finally finding or finally dismissing bills of indictment. The grand juror who suffers himself to be even impliedly approached upon subject-matters pending before the body of which he is a sworn member, not only violates his oath but transcends the common law *286 that forbids such approaches either in the act of the citizen or in the consent of the juror. Should it so happen during the present term of your duty as grand jurors that any person whomsoever (except the district-attorney, who, when desired, becomes your legal adviser), shall approach either of you and seek to confer, or endeavor to influence your action for or against the prosecution of any complaint pending before you, then it will become your duty to promptly communicate the fact to this court, in order that the person so offending may be summarily dealt with. The district-attorney has done all in his power to destroy the opportunities for this lobby influence with the grand inquest, but if jurors allow letters to be delivered to them by accused persons, accusers, or their counsel, or visits to be made to them at their places of business, or houses, by friends of suspected persons, they can not obviate such a scandal or frustrate the wrong intended.
It will thus be perceived that the considerations growing out of the action of Mr. Bergh are not new and were not suggested by the attitude taken by the late grand jury; and I had determined to reprehend the first instance of grand jury lobbying or outside interference which should be submitted to my consideration. But Mr. Bergh shows that he is, for the purposes of his society, both a deputy attorney-general and, an assistant district-attorney by written appointments from Messrs. Pratt and Phelps. Mr. Bergh, in his affidavit swears: “Such letter was sent and intended to be sent, as an official communication in the interests of the people of this State, which deponent then honestly believed he was then representing, and and not to subserve any private or personal interest, or to gratify any individual spleen or malice ; and deponent firmly and conscientiously believed at the time that he was only doing his duty, and that his course *287 was entirely justifiable under the authority derived from the attorney-general and district-attorney referred to.
In the matter of Strong, in this court half a century since, it was held that the act of sending a scurrilous letter to the grand jury ought not to be considered a contempt, unless it clearly appeared that it was designed to interrupt the administration óf justice. The supreme court has held (Weeks v. Smith, 3 Abb. Br.j 211) that if the alleged contempt be capable of a construction consistent with innocence of the party of any intentional disrespect, there is no legal contempt. It,would seem that Mr. Bergh’s explanation that he was acting as the agent of the prosecuting officers is consistent with innocence. The court, however, trusts it may be pardoned for observing that the representative of the attorney -general and the district-attorney owes it to those gentlemen, if not to himself, to infuse into his oral or written intercourse with grand juries, rather the suavit&r in modo than the fortiter in re ; and to remember an old saying, “ that he who impugns motives, should always rigidly examine his own.”
Let the rule be discharged, and Mr. Henry Bergh stands exonerated, under his explanatory oath, from, any intentional contempt.